IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00885-BNB

TODD BRIAN SHARON,

Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondent.

## ORDER OF DISMISSAL

Applicant Todd Brian Sharon is incarcerated at the Adams County Detention Facility in Brighton, Colorado. Mr. Sharon initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 9, 2008, Mr. Sharon filed an amended habeas corpus application pursuant to § 2254. In the amended application, Mr. Sharon asserted claims challenging the computation of his sentence rather than the validity of his conviction or sentence. Therefore, on May 13, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Sharon to file a second amended application on the proper form for an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On June 2, 2008, Mr. Sharon filed a second amended application for a writ of habeas corpus pursuant to § 2241.

In an order filed on June 24, 2008, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court

remedies. On July 29, 2008, Respondent filed a Preliminary Response arguing that Mr. Sharon has not exhausted state court remedies. On August 7, 2008, Mr. Sharon filed a reply to the Preliminary Response.

The Court must construe the second amended application and other papers filed by Mr. Sharon liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

Mr. Sharon complains in this action about the computation of his prison sentence for a conviction in Larimer County District Court case number 03CR584. He contends that he currently is being held at the Adams County Detention Facility on unrelated charges. Mr. Sharon claims that, pursuant to an amended mittimus entered on March 24, 2008, in the Larimer County case, he has completed that sentence. He also argues that he is challenging the validity of his conviction and sentence and that the Court should consider his claims pursuant to § 2254. It is not clear to the Court which of Mr. Sharon's claims challenges the validity of his conviction or sentence.

Regardless of the statutory authority for the claims he is asserting in this action, Mr. Sharon must exhaust state court remedies before he may pursue those claims in a habeas corpus action in this Court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Sharon does not demonstrate, or even allege, that he has fairly presented his claims to the state's highest court. Although counsel for Mr. Sharon did file a motion in the Larimer County District Court relevant to the computation of his sentence, there is no indication that any of Mr. Sharon's claims have been raised in the Colorado appellate courts.

Mr. Sharon argues in his reply that he should not be required to exhaust state court remedies because the time required to exhaust state court remedies would force him to remain incarcerated unnecessarily. However, Mr. Sharon's desire to avoid exhausting state court remedies is no reason to overlook the exhaustion requirement in this action. Furthermore, it is not clear that requiring Mr. Sharon to exhaust state court remedies will cause him to be incarcerated unnecessarily because he alleges that he is being held on unrelated charges. Finally, if Mr. Sharon is entitled to the relief he seeks, there is no reason to believe he cannot and will not obtain such relief in the state courts in a timely manner. Therefore, the Court will dismiss the instant action without prejudice for failure to exhaust state court remedies. Accordingly, it is

3

ORDERED that the habeas corpus application, the amended application, and the second amended application are denied and the action is dismissed without prejudice for failure to exhaust state court remedies.

DATED at Denver, Colorado, this 22 day of Aug., 2008.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00885-BNB

Todd Brian Sharon
Prisoner No. 08-4549
Prisoner No. 81359
Adams County Detention Center
PO Box 5001
Brighton, CO 80601

James X. Quinn
Assistant Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/25/08

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk